**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LYNN A. MATWIJKO,**

                                **Plaintiff,**                    **04-CV-0663A(Sr)**

**v.**

**BOARD OF TRUSTEES OF GLOBAL**
**CONCEPTS CHARTER SCHOOL, et al.,**

                                **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #9.

Currently before the Court is defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the ground that defendants are not state actors and cannot, therefore, be subject to liability pursuant to 42 U.S.C. § 1983.  Dkt. #11.  For the following reasons, it is recommended that defendants' motion be denied.

## BACKGROUND

The Global Concepts Charter School ("Charter School") commenced classes on or about September 4, 2002.  Dkt. #1, ¶ 8.  Plaintiff was hired as a second grade teacher and nominated to serve as a Co-Chairperson of the School Advisory Council ("SAC").  Dkt. #1, ¶ 13.  Pursuant to the charter, the SAC existed to share

governance of the Charter School with the Board.  Dkt. #1, ¶ 14.  Membership of the

SAC included one parent from each grade level, four community members, two

instructional staff members, two non-instructional staff members, two members of the

Board and the principal.  Dkt. #1, ¶ 15. Beginning in September, 2003, plaintiff was

serving as the sole Chairperson of the SAC.  Dkt. #1, ¶ 13.

As Chairperson of the SAC, plaintiff received approximately thirty

complaints regarding certain actions taken by the Board, including the exclusion of

parents and community members from Board meetings; failure to approve a timely

budget, thereby preventing the Charter School from securing a bank loan necessary to

pay its lease; failure to submit completed paperwork with respect to grants and other

funding; and the termination of the Charter School's founder and principal.  Dkt. #1,

¶ 33.  In response to these complaints, plaintiff submitted a formal written complaint to

the State Education Department, dated December 18, 2003, calling for the resignation

of the Board.  Dkt. #1, ¶ 34.

On December 22, 2003, the Board held an unscheduled meeting at which

it voted to amend the charter to dissolve the SAC and replace it with a Parent

Communication Council and Leadership Team appointed by the new principal.  Dkt. #1,

¶ ¶ 37, 43.  Plaintiff alleges that this change enhanced the power of the principal and

the Board to the detriment of the original charter's vision of shared governance.  Dkt.

#1, ¶ ¶ 44-45.

On January 5, 2004, plaintiff, as Chairperson of the SAC, wrote and distributed a letter to all parents and guardians of students attending the Charter School to inform them of the Board's vote to amend the charter and dissolve the SAC.  Dkt. #1, ¶¶ 50-51.  The new principal suspended plaintiff on January 13, 2004 and, upon his recommendation, she was terminated at the January 28, 2004 Board meeting.  Dkt. #1, ¶ 53.  Plaintiff asserts that she was terminated because of her objections to the improper and unlawful actions of the Board and the Charter School's principal, in violation of her rights pursuant to the First Amendment of the United States Constitution.  Dkt. #1, ¶ 59.

## DISCUSSION AND ANALYSIS

The defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the ground that defendants are not state actors and cannot, therefore, be subject to liability pursuant to 42 U.S.C. § 1983.  Dkt. #11.

Plaintiff responds that her allegation that defendants were acting under color of state law must be credited for purposes of this motion.  Dkt. #14, ¶ 7.  Plaintiff also responds that the Charter School "is undisputedly a public educational institution and therefore a state actor."  Dkt. #14, ¶ 8.

### Dismissal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may

move for judgment on the pleadings." Courts faced with motions under Rule 12(c) apply the same standard used to decide motions brought under Rule 12(b)(6). *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Accordingly, the Court accepts the material facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff and against the defendants. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir. 1972), *cert. denied,* 410 U.S. 944 (1973).

The court is required to read the complaint broadly and with great latitude on a motion to dismiss. *Yoder v. Orthomolecular Nutr. Inst.*, 751 F.2d 555, 558 (2d Cir.1985). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The complaint will be dismissed only if "it appears beyond doubt" that the plaintiff can prove no set of facts which would entitle her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001). Stated another way, I must determine whether the plaintiff has stated any valid ground for relief in her complaint. *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993), *cert. denied*, 513 U.S. 1014 (1994).

**State Action**

To state a claim for relief in an action brought under 42 U.S.C. § 1983, plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (internal quotations omitted). Thus, the ultimate question is whether the alleged infringement of federal rights, in this case the right to free speech guaranteed by the First Amendment to the United States Constitution, is fairly attributable to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

In New York, charter schools are created pursuant to the New York Charter Schools Act of 1988. N.Y. Educ. Law, Title II, art. 56. The purpose of the Charter Schools Act is to

> authorize a system of charter schools to provide opportunities for teachers, parents, and community members to establish and maintain schools that operate independently of existing schools and school districts in order to accomplish the following objectives:
>
> (a) Improve student learning and achievement;
>
> (b) Increase learning opportunities for all students, with special emphasis on expanded learning experiences for students who are at risk of academic failure;
>
> (c) Encourage the use of different and innovative teaching methods;
>
> (d) Create new professional opportunities for teachers, school administrators and other school personnel;

(e) Provide parents and students with expanded choices in the types of educational opportunities that are available within the public school system;

(f) Provide schools with a method to change from rule-based to performance-based accountability systems by holding the schools established under this article accountable for meeting measurable student achievement results.

N.Y. Educ. Law § 2850(2).

Section 2853 of the Charter Schools Act states that a charter school is an "independent and autonomous public school" and that "[t]he powers granted to a charter school . . . constitute the performance of essential public purposes and governmental purposes of this state."  N.Y. Educ. Law § 2853(1)(c) & (d).  Any child qualified for admission to a public school is qualified for admission to a charter school. N.Y. Educ. Law § 2854(2)(b).  Each school district must pay the charter school one hundred percent of the expense per pupil calculation set forth in N.Y. Educ. Law § 3602(1)(f), plus adjustments, for each student within its district attending a charter school.  N.Y. Educ. Law § 2856.

The statute also provides that

A charter school shall meet the same health and safety, civil rights, and student assessment requirements applicable to other public schools, except as otherwise specifically provided in this article.  A charter school shall be exempt from all other state and local laws, rules, regulations or policies governing public or private schools, boards of education and school districts, including those relating to school personnel and students, except as specifically provided in the school's charter or this article.

N.Y. Educ. Law § 2854(1)(b).  Moreover,

An employee of a charter school shall be an employee of the
education corporation formed to operate the charter school
and not an employee of the local school district in which the
charter is located.  An employee of a charter school shall be
deemed to be a public employee solely for purposes of
article fourteen of the civil service law,[1] except for section
two hundred twelve of such law,[2] and for no other purposes
unless otherwise specified in this article, the board of
trustees of the charter school shall constitute a board of
education solely for purposes of article fourteen of the civil
services law, except for section two hundred twelve of such
law, and for no other purposes unless otherwise specified in
this article, a charter school shall be deemed to be a public
employer solely for purposes of article fourteen of the civil
service law, except for section two hundred twelve of such
law, and for no other purposes unless otherwise specified in
this article, and the chief executive officer of the charter
school shall be the person designated as such by the board
of trustees of the charter school.

N.Y. Educ. Law  § 2854(3)(a).  However, employees of a charter school may be

deemed employees of the local school district so as to permit membership in the

retirement systems open to local school district employees.  N.Y. Educ. Law

§ 2854(3)(c).


Plaintiff relies upon several district court cases for the proposition that

charter schools are state actors pursuant to 42 U.S.C. § 1983.  For example, in *Riester*

*v. Riverside Cmty. Sch.*, although the question before the Southern District of Ohio was

whether the private agency under contract with a community school to provide

education services could be held liable as a state actor, the court first determined that

---

[1] Article fourteen of New York's Civil Service Law, commonly known as the Taylor Act, affords public employees the right to organize and negotiate collectively with their public employers.

[2] Section 212 of New York's Civil Service Law permits local governments other than the State and a State Public Authority to enact their own administrative boards, as an alternative to the Public Employment Relations Board, to enforce the Taylor Law.

"the actions of community schools are, by Ohio statute, public," noting that the statutory language that "'[a] community school created under this chapter is a public school' could not be more clear."  257 F. Supp.2d 968, 973 (S.D. Ohio 2002), *citing* O.R.C. § 3314.01(b) ("A community school created under this chapter is a public school independent of any school district and is part of the state's program of education.").

Similarly, in *Daugherty v. Vanguard Charter Sch. Acad.*, although the district court did not analyze whether the Vanguard Charter School Academy was a state actor before addressing plaintiff's allegations under 42 U.S.C. § 1983, the Court noted that the charter school was created pursuant to Michigan Revised School Code § 380.50(1), which provides that

> A public school academy is a public school under section 2 of article VIII of the state constitution of 1963, is a school district for purposes of section 11 of article IX of the state constitution of 1963 and for the purposes of section 1225 and section 1351a, and is subject to the leadership and general supervision of the state board over all public education under section 3 of article VIII of the state constitution of 1963.  A public school academy is a body corporate and is a governmental agency.  The powers granted to a public school academy under this part constitute the performance of essential public purposes and governmental functions of this state.

116 F. Supp.2d 897 (W.D. Mich. 2000).

As in the aforementioned cases, the New York statute provides that a charter school is an "independent and autonomous *public school*" performing "essential public purposes and governmental purposes of this state" so as to "[p]rovide parents and students with expanded choices in the types of educational opportunities that are

available *within the public school system*."  N.Y. Educ. Law §§ 2850(2)(e) & 2853(1)(c) & (d) (emphasis added).  In performance of their duties, charter schools must "meet the same health and safety, civil rights, and student assessment requirements applicable to *other public schools*."  N.Y. Educ. Law § 2854(1)(b) (emphasis added).  In addition, charter schools receive 100% of the expense per pupil afforded by the state to other public schools and any public school student is qualified for admission to a charter school.  N.Y. Educ. Law §§ 2854(2)(b) & 2856.  Moreover, in light of the exception allowing charter school employees to participate in public retirement systems and affording them the protections of the Taylor Act, the fact that charter schools are not otherwise considered as public employers is insufficient to remove them from the realm of state actors.  N.Y. Educ. Law § 2854(3)(a) & (c).  Thus, while it is clear that the legislature exempted charter schools from certain regulatory burdens associated with traditional public schools, the statutory language does not demonstrate that the legislature removed charter schools from the definition of public schools.

Defendants rely upon cases analyzing whether actions by private schools can be deemed state action for purposes of 42 U.S.C. § 1983.  For example, in *Rendell-Baker*, the Supreme Court was asked to determine whether a private school, whose income was derived primarily from public sources, and which was regulated by public authorities, acted under color of state law when it discharged certain employees, allegedly because of their exercise of their First Amendment right of free speech.  457 U.S. at 830.  Similarly, in *Logiodice v. Trustees of Maine Cent. Inst.*, the Court of Appeals for the First Circuit considered whether a privately operated high school under

contract with the local governmental to educate children within the district was acting under color of state law when it suspended a student.  296 F.3d 22 (1st Cir. 2002), *cert. denied*, 537 U.S. 1107 (2003).  As it is this court's opinion that New York law does not consider charter schools to be private schools, however, this analysis is inapposite.

## **CONCLUSION**

Based on the foregoing, it is recommended that defendants' motion for judgment on the pleadings (Dkt. #11), be **DENIED**.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an</u> <u>extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:      Buffalo, New York
            August 3, 2006

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**